The Judges delivered their opinions.
JÜDGH TUCKRR.
The first question in this cause respects the proof of the payment of the sum of 1581. 15s. 126 *10d. by William Farris, administrator of Sherwood Farris, deceased, to Anne Gathright, as guardian of the complainant, Nancy Royster, who was a daughter of the said Sherwood Farris. And the proof rests entirely upon the deposition of William Farris the administrator, by whom the payment is alleged to have been made. As it is short, I shall transcribe the whole as it appears in the record.
*57 “Question by the plaintiff. Did you, or did you not, take a receipt of Anne Gathright, as guardian of Nancy Farris, for her proportional part of the money due her as orphan of Sherwood Farris, deceased, you being administrator of the said Sherwood Farris, deceased?”
“Answer. I did take a receipt, and I was the administrator.”
“Question by the plaintiff. Did William Gathright do the business for Anne Gathright, as guardian of Nancy Farris, with you?”
“Answer. He did. And further he saith not. ”
Were there no objection to the competency of the deponent as a witness, I am clearly of opinion that this deposition, standing alone and unsupported by the receipt which he says he took for the monej', (the amount of which is not mentioned, nor even hinted at,) ought to be wholly rejected as proof of such payment to the guardian.
But the objection to his competency appears evident upon the face of the deposition ; for, as administrator of the father of Nancy Farris, he was chargeable to her for any legacy or distributable portion of her father’s estate in his hands, and, consequently, could not be permitted to discharge himself by his own oath, only, that he had paid it over to her guardian.
But to remove that objection, the plaintiffs resort to a record in a suit between themselves and this witness, as administrator of S. F. in which the Chancellor directed an issue to be made up between the parties, to try whether Anne Gathright, (who was not a party in that suit,) on the second day of August, 1777, was the 127 guardian of the plaintiff *Nancy, and also to try whether an exhibit in these words, “Received August 2d, 177-, of William Farris 1581. 15s. 10 3-4d. for Anne Farris, orphan of Sherwood Farris, deceased, to remain without interest till January next, as the interest is settled till then.” (Signed) “W. Gathright, jun. for Anne Gathright, ” was undersigned by the said W. G., jun. with his proper hand; and also to try whether the said W. G., jun. was empowered by the said A. G. to receive money due to her ward; on which trial those ■facts were both found in the affirmative; which record is in part recited, and is referred to in the complainant’s bill, in this suit, as then remaining in the same Court of Chancery. But that record was not made a part of the record in this suit, when sent up from the Court of Chancery, neither doth it appear that it was read in evidence there at the hearing. Mr. Wickham, however, contended, upon the authority of Alexander v. Morris, (3 Call, 104,) that, this being an appeal granted from an interlocutory decree, this Court would allow that record to be read; more especially as, being a record of the same Court, it was probable the Chancellor had inspected it previous to pronouncing his decree. But I have very great doubts of the propriety of such a practice, as it may be productive of great inconvenience and injury to suitors in general. For can it be thought reasonable, that a party, by referring in a general way to a suit between other persons, although in the same Court, should put his adversary to the trouble and expense of hunting for, and taking copies from the papers in a suit, or perhaps a dozen suits, determined twenty or fifty years ago, and, after all, perhaps net meeting with the papers referred to, when the party making the reference might have produced an authentic copy, and annexed it to bis bill or answer, without further expense than paying for a copy of so much as he himself might deem material to his own cause. Or, suppose a person (against whom a decree may have been pronounced in any of the other 128 Chancery District Courts) *to apply to a gentleman of that bar .for his advice whether to appeal irom a decree or not. He produces the record certified by the clerk, and the counsel, upon examining it, discovers manifest error, and advises an appeal. If, upon an exhibit which shall afterwards be brought up by certiorari, as in this case, the Court shall affirm the decree, (although such exhibit was probably never produced in the Court below,) the defendant will be liable to pay damages at the rate of ten per cent, per ann. which he would never have incurred if the exhibit had been made a part of the record originally. T therefore think the practice too dangerous to be countenanced by this Court: more especially as, in the present case, the defendants have not admitted the payment, but called for proof to be made of it.
But, if it were admitted that this record might be read here for the purpose of shewing that the administrator is no longer liable to the plaintiff Nancy, and therefore a competent witness to prove the payment of her distributive part of her father’s estate to her guardian, still I am of opinion it ought not to be admitted for any other purpose. Now the amount of the money paid to William Gathright, jun. as the agent of Anne his mother, nowhere appears but in that record. This Court certainly will not admit it for that purpose; for Anne Gathright, not being a party in that suit, had no opportunity to cross examine the witness; and, if we look into that record, he contradicts his own evidence in this cause; for there the money appears to have been paid to the son, who gave a receipt for it, and here the witness says that he took a receipt from (not that he paid the money to) the mother.
Again, if we are to inspect that record, it affords a presumption, at least, that the money was paid to the guardian during the period when paper money was the only circulating medium in this country; if so, it ought to be scaled according to the value, as established by the act of Assembly, within a reasonable time after the time of the payment. 129 *1 also think the defendants are entitled to a reasonable allowance for board, as well as clothing and schooling, notwithstanding the generous intention of the guardian not to charge any. For the plaintiffs coming to ask for equity, ought to do it. Loose declarations are not to be attended to.
But, whether this be correct or not, she certainly has not waived her claim for *58 moneys paid and advanced for clothes, schooling, and other necessary expenses, (board excepted,) an account of which ought to be taken, and all just and reasonable disbursements allowed out of the profits of the ward’s estate, if sufficient for that purpose; but, if those profits, during that period of the ward’s infancy when she was too young to be bound out as an apprentice, shall prove insufficient to compensate the guardian for such, just, reasonable, or necessary disbursements, the balance ought to be made good out of the principal of her estate. But for advancements subsequent to that period, no allowance beyond the profits of the ward’s estate ought to be made, unless it shall appear, that, from extraordinary circumstances, such disbursements were unavoidable without culpable neglect on the part of the guardian: in which case the same ought to be allowed out of the principal of the ward’s estate, (if the profits thereof shall be found insufficient,) with interest on the same from the end of each year. And that, forcany balance which maj’- be found due to the ward at the period when she ceased to reside with her guardian, interest at the rate of five per cent, per annum ought to be allowed to the ward. And, in settling and adjusting the accounts, all payments and receipts of money, between the first day of January, 1777, and the first' day of January, 1782, are to be considered as made in paper money, unless the contrary be proved; and the account stated in paper to the time of the last payment; and the balance either way reduced by the scale of that month, and carried to the account of subsequent specie articles if any there be. (a)
Upon the whole, I am of opinion that, upon the record **now before us, there is neither evidence of the amount of any payment, nor of the time of any payment, nor even of the certainty of any payment made by W. Farris the administrator to A. Gathright the guardian; that the decree be therefore reversed, and the cause sent back to be proceeded in, in such manner as upon further evidence, if offered to the Court, may be consonant to equity.
JUDGE ROANE
observed that the decree of the Court, about to be read, contained his sentiments, and he did not wish to add any thing to it.
JUDGE FLEMING.
The difference in the opinions of the Judges being on two points only, I shall be short in my remarks, and confine them to these, two points. 1. With respect to the sufficiency of the evidence to prove the receipt of the 1581. 15s. 10 3-4d. by Anne Gathright, guardian of the appellee, Nancy Royster, as in the proceedings mentioned. It appears to me that the record in the suit between Farris and Farris, in which the present appellees and another were plaintiffs, to call Wm. Farris, administrator of Sherwood Farris, deceased, to render an account of his administration of that estate, and in which the said administrator had a credit for the said 1581. 15s. 10 3-4d., having been particularly referred to in the bill, and by the answer admitted to be truly stated therein, I have no doubt but that record was proper evidence in this cause. I am also of opinion, that Wm. Farris was a competent wit" ness to prove the payment of the said 1581. 15s. 10 3-4d. to Wm. Gathright, as agent of Anne Gathright, guardian of the appellee, Anne Royster: he, being exonerated from any liability for the same, by the decree in the suit of Farris v. Farris, was a disinterested witness, and no exception was taken to his deposition.
2. With respect to the board of the appellee, Anne Royster, during her residence with her grandmother and guardian Anne Gathright, the latter was repeatedly 131 heard to declare *she did not intend to charge her ward with board. And our act of assembly concerning guardians and orphans, (b) declares that where the profits of an orphan’s estate are not sufficient for his or her maintenance, such orphan, if a boy, shall be bound, out until the age of 21 years, and if a girl, to the age of 18 years.* I am therefore of opinion, that the charge for board, beyond the profits of her estate, ought not to be allowed.
The following was entered as the decree of the Court.
1‘A majority of the Court is of opinion that there is no error in so much of the decree rendered in this cause as exempts the appellee Nancy Royster, from the charge for board, during the time of her residence in the family of Anne Gathright, deceased, her guardian and grandmother, in the proceedings mentioned, and provides for the ascertainment of the time when such residence ceased; nor in so much thereof as disallows to the appellees interest upon the money claimed by the bill, during the time of such residence; nor in so much thereof as decrees to the said appellees the sum of 1581. 15s. 10 3-4d., with interest thereupon, at the rate of five per centum peí annum, to be computed from the time when such residence ceased; (subject, nevertheless, to any deduction which may result from the effect of the principles and provisions declared by this decree;) the receipt of the said money not having been denied by the answer, and being established by the testimony.
“The Court is also of opinion, that there is no error in so much of the said decree as provides for the ascertainment of the several and respective proportions of the estate of the said Anne Gathright, deceased, with the relative values of each, which came to the hands of the respective intestates of the appellants, chargeable with payment of the debts aforesaid, in order to a just and ratable contribution 132 ^between them, severally, to the sum decreed. But inasmuch as it is not proved that the said guardian ever agreed to waive her claim for moneys paid and advanced for the clothes, schooling, and other necessary expenses of the said Anne Royster, during her residence with her as aforesaid, this Court is of opinion, that the same ought to have been ascertained and allowed to the appellants, in so far as *59 such advances were suited to the estate and condition of the said Anne Royster, and did not, after she came to an age to be bound out, in the event of the profits of her estate being inadequate to her support, exceed those profits: unless it shall appear that, from extraordinary circumstances, such disbursements were unavoidable, without culpable neglect on the part of her said guardian; in which case the same ought to be allowed out of the principal of the said Nancy’s estate, if the profits thereof shall be found insufficient, with interest on the same from the end of each year. And that there is error in so much of the said decree as omitted to direct such ascertainment and allowance; subjecting the same, if need be, to the operation of the scale of depreciation.
The Court is further of opinion that, although the payment of the said 1581. 15s. 10 3-4d. to the guardian is established as aforesaid, the particular date of such payment is not ascertained, and that if, on inquiry, it shall be found to have been made between the last day of December, 1776, and the last day of December, 1781, the same is liable to be reduced by the scale of depreciation, to be applied as on the last day of the year in which such payment shall be found to have been made; and, as a reasonable time ought to be allowed a guardian to put the money of a ward out at interest, six months from the time of the receipt of the said 1581. 15s. 10 3-4d. is hereby allowed for putting the same out at interest; if it shall be found that the same was received prior to the first day of January, 1777, and that the said six months from the receipt thereof will extend to the year 1777, when the scale of depre133 ciation commenced, the *sarae shall be scaled at the rate of depreciation existing at the end of the said six months, from the time the same was received by the agent of the said Anne Gathright; and that the said decree is also erroneous in not having provided for such ascertainment, and eventual reduction, as aforesaid.
‘ ‘The Court is further of opinion that, as by the will of the said Anne Gathright, made an exhibit in this cause, her sons Miles Gathright and Joseph Gathright were made her executors; and as it does not appear that their accounts of such executorship have ever been regularly made up, and the estate delivered over by them to the legatees mentioned in the said will; the said decree is also erroneous in not having made those who succeeded the said Miles and Joseph Gathright, now deceased, as executors of the said Anne Gathright, parties to this suit: and also, inasmuch as it appears by the said will that Jane Gathright. Anne Gathright, (now Whitlock,) Anne Gathright, the granddaughter, as also Mitchell Farris, (to whose rights the appellees have succeeded,) and the appellee Anne Royster, were also legatees in the said will, there is further error in the Court’s having proceeded to a decree before the first three were made parties to the suit; and in not making the last, in her own right, and as representing Mitchell Farris, to be also contributory to the sum decreed.”
“It is therefore decreed and ordered, that so much of the decree aforesaid as is above declared to be not erroneous, be affirmed; and that the residue thereof be reversed; that the appellees pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here: and the cause is remanded to the Superior Court of Chancery for the District of Richmond, to-be proceeded in pursuant to the principles herein before declared, in order to a final decree. ’ ’

 Taliaferro v. Minor, 2 Call, 196.

 1 Rev. Code, 173.

Note. See also, ibid. p. 322, s. 12.